**Esker Earl NELSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 08–92–00228–CR.**

Court of Appeals of Texas, El Paso.

April 7, 1993.

R.K. Weaver, Dallas, for appellant.

John Vance, Crim. Dist. Atty., Dallas, for state/appellee.

Before OSBORN, C.J., and KOEHLER and BARAJAS, JJ.

## OPINION

BARAJAS, Justice.

This is an appeal from a judgment of conviction for the felony offense of aggravated robbery, enhanced by a prior felony conviction. Trial was by jury. Upon conviction, the jury found the prior felony conviction to be true and assessed punishment in the Institutional Division of the Texas Department of Criminal Justice for a

term of life. In his sole point of error, Appellant asserts the trial court erred in admitting evidence of the victim's out-of-court identification of Appellant. We affirm the judgment of the trial court.

## I. SUMMARY OF THE EVIDENCE

The victim in the instant case, Julia McGuire, testified that at approximately 9 p.m. on the evening of January 1, 1992, immediately after parking her automobile in a covered parking area located at her apartment complex, she was approached by a black male who pointed a gun at her, demanded her purse as well as the keys to her automobile. The covered parking area was well lit and there were additional lights in the apartments as well as flood lights on the outside of the building complex. The victim testified that after complying with Appellant's demands, Appellant put his gun and the victim's purse into his jacket, looked around the parking lot and then slowly walked away. The victim testified that she was able to get a good look at Appellant. In that regard, she testified that when Appellant left the scene, she went up to her apartment, knocked on her door so that her roommate would let her in, and upon entry, called 911. The victim described Appellant to law enforcement authorities as being a black male, approximately 5'7" in height, weighing 135 pounds, with a beard and mustache, and wearing a toboggan cap and a blue jacket.

The State called David Kattner, an officer with the Dallas Police Department, to testify. Officer Kattner testified that he was on duty on January 1, 1992 at approximately 9 p.m., when he received a radio transmission regarding a robbery in the 4400 block of Cole Street in Dallas, Texas. The radio transmission gave the description of the robbery suspect as being a "black male around forty years old, skinny, about

five-seven, 135 lbs, wearing a blue jacket, mustache and beard and a cap." Officer Kattner stated that he began driving around the area looking for people to match that description. He was advised by several neighbors that were standing out in front at the scene of the alleged robbery that they had seen an individual matching the above description up on Knox Street. As he drove eastbound on Knox Street, Officer Kattner observed an individual matching the description of the robbery suspect standing at a street corner.[1] Officer Kattner stated that as he and his partner drove toward the suspect, Appellant began to walk away in a southerly direction, all the while watching the officers. As the officers drove closer, Appellant walked faster. When the officers circled the block in order to cut Appellant off, Appellant crossed the street and began walking in the opposite direction. Finally, approximately fifteen feet south of Knox Street, Appellant began to run. When the officers cut off Appellant, he threw his hand up and said "Okay." Appellant was detained, searched for a weapon, handcuffed and transported to the location of the robbery and residence of the victim for eventual identification.[2]

Officer Kattner testified that upon arriving at the victim's residence, he made inquiry about the alleged robbery and asked the victim to once again describe the robbery suspect. The description was consistent with that given earlier and which was ultimately transmitted over the police radio. After being advised that a person had been found matching the description, the victim was escorted to the parking area where she was asked "look at him." The victim looked at the suspect, said, "Oh, my God, that's him," and stated that she was definite in her identification of Appellant as the person who had earlier robbed her.[3]

---

1. The robbery suspect was standing at the intersection of Knox and McKinney Streets in Dallas, Texas. The intersection is approximately three blocks from the location where the robbery is said to have occurred.

2. Officer Kattner testified that the robbery had been called in at approximately 9 p.m. and that

Appellant was arrested between 9:15 and 9:20 p.m.

3. Officer Kattner testified that the part of town in which the robbery alleged to have occurred is a predominantly white area and no other black people were seen on the street at the time Appellant was stopped. He further stated that insofar as it was a holiday, most businesses were closed

Appellant, testifying at the hearing on his motion to suppress evidence, stated that he was on parole for a 1985 burglary conviction at the time of his arrest for the instant offense. He stated that while walking, he noticed police officers having an interest in him.[4] Appellant denied running from the police and denied that he was out of breath when the police caught up to him.

## II. DISCUSSION

### A. Standard of Review

■■■■ On a motion to suppress evidence, the trial judge is the sole and exclusive trier of fact and judge of credibility of witnesses including the weight to be given their testimony. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Cannon v. State*, 691 S.W.2d 664 (Tex.Crim. App.1985), *cert. denied*, 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *State v. Wood*, 828 S.W.2d 471, 474 (Tex.App.—El Paso 1992, no pet.); *Subia v. State*, 836 S.W.2d 711 (Tex.App.—El Paso 1992, no pet.); *State v. Hopper*, 842 S.W.2d 817, 819 (Tex.App.—El Paso 1992, no pet.). In that regard, the trial court was free to believe or disbelieve the testimony of each of the State's witnesses as well as the testimony of Appellant. The appellate court does not engage in its own factual review but decides whether or not the trial judge's findings of fact are supported by the record. If the findings are supported by the record, we are not at liberty to disturb them. Thus, on review, this Court will only address the question of whether the trial court improperly applied the law to the facts. *Romero v. State*, 800 S.W.2d at 543; *Subia v. State*, 836 S.W.2d at 713; *State v. Hopper*, 842 S.W.2d at 819. Should the trial judge's determination be correct on any theory of law applicable to the case, it will be sustained. *Romero*, 800 S.W.2d at 543.

### B. Probable Cause to Effect Warrantless Arrest

■■■■ It is well established that any evidence derived from an illegal arrest will "absorb the taint" of the illegality and therefore, would be properly the subject to being suppressed. *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979); *Hill v. State*, 692 S.W.2d 716, 722 (Tex.Crim.App.1985). It is likewise well established that a law enforcement officer may arrest an individual without a warrant only if (a) there is probable cause to arrest with respect to that particular individual, *Lunde v. State*, 736 S.W.2d 665 (Tex.Crim. App.1987) citing *Henry v. United States*, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959), and (b) the arrest falls within one of the established statutory exceptions enumerated in TEX.CODE CRIM.PRO.ANN. arts. 14.01–14.04, Id., citing *Self v. State*, 709 S.W.2d 662 (Tex.Crim.App.1986). Consequently, the issue central to the proper disposition of the instant case is whether Appellant was legally arrested.[5] The State argues that Appellant's arrest was valid under TEX.CODE CRIM.PRO.ANN. art. 14.04 (Vernon 1977).[6]

---

in the area. Moreover, Officer Kattner stated that he would have stopped Appellant even if he had been on the street with many other black people because Appellant fit the description as a whole, including the body build, beard and mustache and clothing worn.

4. Appellant stated that he was nervous about the officers following him because he had some tickets downtown and he was on parole.

5. The State has not disputed the fact that Appellant was effectively arrested for Fourth Amendment purposes at the time he was initially detained and handcuffed.

6. Article 14.04 gives a peace officer authority to effect a warrantless arrest where it is shown upon the representation of a credible person that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant. TEX.CODE CRIM.PRO. ANN. art. 14.04.

The State likewise maintains that Appellant's arrest was valid under TEX.CODE CRIM.PRO.ANN. art 14.03(a)(1). Article 14.03(a)(1) authorizes peace officers to arrest persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony or breach of the peace, or threaten, or are about to commit some offense against the law. TEX.CODE CRIM.PRO.ANN. art. 14.03(a)(1). However, as noted earlier, should the trial judge's denial of Appellant's motion to suppress evidence be correct on any theory of law applicable to the case, it will be sustained. *Romero*, 800 S.W.2d at 543.

As a general rule, law enforcement officers must obtain a warrant prior to taking someone into custody. *Crane v. State*, 786 S.W.2d 338, 346 (Tex.Crim.App. 1990). Article 14.04 of the Texas Code of Criminal Procedure provides one of the statutory exceptions to the above general rule. *Id., citing Rodriguez v. State*, 715 S.W.2d 843, 845 (Tex.App.—Houston [14th Dist.] 1986, pet. ref'd). Pursuant to Article 14.04, there are four basic requirements that must be met to effect a warrantless arrest:

(1) the person who gives the information to the peace officer must be credible;

(2) the offense must be a felony;

(3) the offender must be about to escape; and

(4) there must be no time to procure a warrant.

TEX.CODE CRIM.PRO.ANN. art. 14.04; *Id.* at 346; *Fry v. State*, 639 S.W.2d 463, 469 (Tex.Crim.App.1982), *cert. denied*, 460 U.S. 1039, 103 S.Ct. 1430, 75 L.Ed.2d 790 (1983); *See also Washington v. State*, 518 S.W.2d 240, 242 (Tex.Crim.App.1975).

In the instant case, probable cause to arrest Appellant existed if the facts and circumstances within the knowledge of Officer Kattner and of which he had reasonable, trustworthy information would warrant a reasonable and prudent man in believing that Appellant committed or was about to commit an offense. See *Johnson v. State*, 722 S.W.2d 417, 419 (Tex. Crim.App.1986); *Jones v. State*, 565 S.W.2d 934 (Tex.Crim.App.1978); *Hooper v. State*, 516 S.W.2d 941 (Tex.Crim.App.1975). On review, the appellate court will independently scrutinize the objective facts without regard to the subjective conclusions of the law enforcement officers to determine the existence of probable cause. *Johnson v. State*, 722 S.W.2d at 419, *citing Townsley v. State*, 652 S.W.2d 791 (Tex.Crim.App. 1983).

The Texas Court of Criminal Appeals has consistently stated where a named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent. *Esco v. State*, 668 S.W.2d 358, 360–61 (Tex.Crim.App. 1982), *citing Wood v. State*, 573 S.W.2d 207, n. 2 (Tex.Crim.App.1978); *Frazier v. State*, 480 S.W.2d 375 (Tex.Crim.App.1972). Likewise in the instant case, we find that where a crime **victim**, who is a private citizen, reports the commission of a criminal offense, and whose only contact with law enforcement authorities is a result of having been victimized at the hands of another, the credibility and reliability of the information is inherent. *See Esco v. State*, 668 S.W.2d at 360–61. Moreover, a police broadcast over the police radio may provide sufficiently credible information upon which to base a warrantless arrest. *Id.*, at 361; *see also Law v. State*, 574 S.W.2d 82 (Tex.Crim.App.1978).

A review of the record in the instant case establishes that at the time of Appellant's arrest, Officer Kattner possessed personal knowledge or reliable information from a credible source of the following facts and circumstances:

1. On January 1, 1992, at approximately 9 p.m., he received a police radio transmission regarding the commission of a robbery in the 4400 block of Cole Street in Dallas, Texas;

2. January 1, 1992 was a holiday, the result of which most stores were closed in the area of town being patrolled by Officer Kattner;

3. The radio transmission gave a description of the robbery suspect as being a black male around forty years old, skinny, about five-seven, 135 lbs, wearing a blue jacket, mustache and beard and a cap;

4. Neighbors at the scene of the alleged robbery advised that they had seen an individual matching the above description up on Knox Street, just blocks away from the scene of the robbery.

5. Appellant, a black male fitting the above physical description as well as the description of the above described clothing was seen approximately three blocks from the scene of the alleged robbery, on Knox Street;

6. When Appellant noticed law enforcement officers in a marked car, he increased his pace of walking, entirely changed directions in which he walked, attempted to run from the officers, and when finally confronted, threw his hand up and said "Okay."

Based on the above objective facts, we find that men of reasonable caution would have been warranted in the belief that Appellant had committed the aggravated robbery three blocks from the location at which he was arrested. *See Johnson v. State*, 722 S.W.2d at 420.

 We find that based upon this record, there was sufficient evidence to support a warrantless arrest under Article 14.-04. TEX.CODE CRIM.PRO.ANN. art. 14.04; *see also DeJarnette v. State*, 732 S.W.2d 346 (Tex.Crim.App.1987). As noted above, the entire offense was witnessed by one individual, i.e., the victim. Appellant was discovered on a public street, approximately three blocks from the crime scene. Considering these factors, especially the very close proximity in time between the detention and arrest of Appellant to the commission of the crime itself, in addition to Appellant's knowledge that he was being sought (albeit for some tickets downtown and his status as a parolee), we find that these factors provide satisfactory proof that Appellant was about to escape such that the procuring of an arrest warrant was impractical. *See Crane v. State*, 786 S.W.2d at 347; *Maixner v. State*, 753 S.W.2d 151, 154 (Tex.Crim.App.1988). We find that Officer Kattner was justified in arresting Appellant without a warrant.

We have carefully examined the record in the above light and find that the trial court did properly apply the law to the facts. Consequently, we find that the trial court did not err in denying Appellant's motion to suppress evidence, and we overrule Appellant's sole point of error.

Having overruled Appellant's sole point of error, the judgment of the trial court is affirmed.