**Arturo Gomez CORNEJO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–94–00940–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 29, 1996.

Frank Stambaugh, Houston, for appellant.

Karen A. Clark, Lester Blizzard, Houston, for appellee.

Before MURPHY, C.J., and AMIDEI and ANDERSON, JJ.

## OPINION

ANDERSON, Justice.

Arturo Cornejo appeals from a conviction for unlawfully carrying a weapon. TEX.PE-NAL CODE ANN. § 46.02 (Vernon 1974).[1] Cornejo pled guilty to the offense after the trial court overruled his motion to suppress. Cornejo raises one point of error, contending the trial court should have granted his motion to suppress because the State made a warrantless arrest without probable cause. We affirm.

Officer Leija, with the Houston Police Department, responded to a call from police dispatch that a shooting had occurred. Upon arriving at the scene of the shooting, two complainants told Officer Leija that two Hispanic male gang members fired a weapon at them from an automobile. Before the officer could get any more information from the complainants, one of them stated, "I think there they go in that car ... I think there goes the guy that shot at us." The complainants also told Officer Leija that one of the men in the car was making a hand gesture associated with a particular gang. Officer Leija and Officer Hunt, also with the Houston Police Department, followed the car to Cornejo's apartment complex and ordered the driver, Cornejo, and his passenger out of the car. Before the men exited the automobile, Officer Leija observed Cornejo reach for

his glove compartment, appearing to either lock or unlock it. The two men were frisked and secured in the back of the police car. Neither man had a weapon on him and Officer Leija testified that Officer Hunt may have handcuffed Cornejo. He further testified that the men were secured, and no longer posed a potential threat to the officers. The police subsequently searched Cornejo's vehicle and found a .9 millimeter semi-automatic weapon in Cornejo's glove compartment. When the officers brought the suspects before the complainants, however, the complainants discovered they had been mistaken and Cornejo and his companion were not the men who had earlier fired a weapon at them.

In his first point of error, Cornejo contends the trial court erred by overruling his motion to suppress the weapon, which he claims was obtained in violation of his Fourth Amendment rights. U.S. Const. amend. IV. He argues that securing him in the back of the patrol car constituted an arrest and that no probable cause existed to arrest him. As a consequence, the search of his automobile was not justified. The facts indicate that Cornejo was placed under arrest when the police secured him in the back of the patrol car, prior to finding the weapon. The police drew their guns prior to ordering the passengers out of Cornejo's vehicle and Cornejo may have been handcuffed. Further, the men were locked in the back of the police car. *See Amores v. State,* 816 S.W.2d 407, 411 (Tex.Crim.App.1991) (holding that an arrest occurs when a person's liberty of movement is restricted or restrained). The State, therefore, had the burden to show the warrantless arrest was based on probable cause. *Rance v. State,* 815 S.W.2d 633, 635 (Tex. Crim.App.1991). Moreover, even if probable cause exists, an exception to the warrant requirement must still be present to justify the arrest. *See* TEX.CODE CRIM.PROC.ANN. arts. 14.01–14.04 (Vernon 1977 & Supp.1994). Probable cause to arrest without a warrant exists when the facts and circumstances within the officer's knowledge, and of which the

---

1. The crime for which appellant was convicted was committed before September 1, 1994, the effective date of the revised penal code. *See*

Acts, 73rd Leg., Ch. 900, § 1.18(b). Therefore, all references to the penal code are to the code in effect at the time the crime was committed.

officer had reasonably trustworthy information, were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense. *Lunde v. State,* 736 S.W.2d 665, 667 (Tex.Crim.App. 1987) (citing *Beck v. Ohio,* 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)). An appellate court must decide whether substantial evidence exists in the record to support the officer's assessment and decision to make the arrest. *Rodriguez v. State,* 775 S.W.2d 27, 30 (Tex.App.—Houston [14th Dist.] 1989, pet. ref'd).

 The information available to the police at the time of the arrest established probable cause. This information included: (1) the statement from the complainants identifying Cornejo and his passenger as the probable perpetrators of the drive-by-shooting; (2) one of the complainants' statement that he thought he saw one of the men making hand signals that appeared gang related; and (3) the description of the men given by the complainants' as Hispanic gang members prior to identifying Cornejo's automobile. When police receive information from a private citizen whose only contact with police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent. *Esco v. State,* 668 S.W.2d 358, 360–61 (Tex.Crim.App.1982). This rule also applies if the citizen is the victim of a crime. *Nelson v. State,* 855 S.W.2d 26, 30 (Tex. App.—El Paso 1993, no pet.). Thus, the police had an identification from an inherently reliable witness corroborated by other information provided to the police prior to the identification. These facts and circumstances were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense. *See e.g., Livingston v. State,* 739 S.W.2d 311, 328 (Tex.Crim.App.1987), *cert. denied,* 487 U.S. 1210, 108 S.Ct. 2858, 101 L.Ed.2d 895 (1988) (holding that arrest of suspect was supported by eyewitness identification of suspect by assailant at scene of crime). Moreover, although the information provided to the police proved incorrect:

> The long-prevailing standards [for finding probable cause] seek to give fair leeway for enforcing the law in the community's protection. Because many situations which confront officers in the course of executing their duties are more or less ambiguous, room must be allowed for some mistakes on their part. But the mistakes must be those of reasonable men, acting on facts leading sensibly to their conclusions of probability.

*Woodward v. State,* 668 S.W.2d 337, 345 (Tex.Crim.App.1982) (opinion on rehearing), *cert. denied,* 469 U.S. 1181, 105 S.Ct. 939, 83 L.Ed.2d 952 (1985) (quoting *Brinegar v. United States,* 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949)). Thus, the mistaken identification of Cornejo as the perpetrator of the drive-by-shooting did not negate the initial reasonableness of the officer's probable cause determination.

 Nonetheless, the State must still prove the warrantless arrest was justified by an exception to the warrant requirement. *See* TEX.CODE CRIM.PROC.ANN. arts. 14.01–14.04. The State contends the warrantless arrest of Cornejo was justified by article 14.03(a), which allows police to arrest a person found in a suspicious place and under circumstances that reasonably show the person guilty of a felony. *See* TEX.CODE CRIM. PROC.ANN. art. 14.03(a) (Vernon Supp.1994). A place may become suspicious because of facts and circumstances known to the officer and any reasonable inferences which can be drawn from those facts. *Johnson v. State,* 722 S.W.2d 417, 421 (Tex.Crim.App.1986), *overruled on other grounds by McKenna v. State,* 780 S.W.2d 797 (Tex.Crim.App.1989); *Aitch v. State,* 879 S.W.2d 167, 171 (Tex. App.—Houston [14th Dist.] 1994, pet. ref'd). Further, a vehicle may become a suspicious place if it meets this standard. *Hamel v. State,* 582 S.W.2d 424, 427 (Tex.Crim.App. [panel op.] 1979); *Aitch,* 879 S.W.2d at 171.

In the present case, the officers were investigating the commission of a drive-by-shooting, a crime that is committed from an *automobile.* The officers had probable cause to believe a felony had been committed from the automobile driven by Cornejo. Thus, under these facts and circumstances, the police were justified in arresting Cornejo because he was found: (1) in his automobile

shortly after the drive-by-shooting; and (2) in the same geographic area where the shooting occurred.

■ Moreover, the warrantless search of the automobile was justified under the automobile exception to the warrant requirement. *See Powell v. State,* 898 S.W.2d 821, 827 (Tex.Crim.App.1994), *cert. denied,* —— U.S. ——, 116 S.Ct. 524, 133 L.Ed.2d 431 (1995); *Amos v. State,* 819 S.W.2d 156, 161 (Tex.Crim.App.1991), *cert. denied,* 504 U.S. 917, 112 S.Ct. 1959, 118 L.Ed.2d 561 (1992). Under the automobile exception, an officer may conduct a warrantless search of a motor vehicle if the officer has probable cause to believe the vehicle contains evidence of a crime. *Powell,* 898 S.W.2d at 827. Officer Leija had probable cause to believe that Cornejo and his passenger had just committed a drive-by-shooting. Further, upon stopping Cornejo's vehicle, Officer Leija observed Cornejo reach towards his glove compartment. At the suppression hearing, Officer Leija testified that he believed he would find a weapon in the glove compartment. Because Officer Leija had probable cause to believe Cornejo had committed a felony from his vehicle that involved a weapon, and upon stopping the vehicle shortly after the commission of the crime observed an occupant of the vehicle either lock or unlock his glove compartment, the officer had probable cause to search the vehicle. The trial court did not abuse its discretion by overruling Cornejo's motion to suppress, therefore, we overrule Cornejo's sole point of error.

The judgment of the trial court is affirmed.