COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CARA LEIGH DRAPER, | § | No. 08-07-00049-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | County Criminal Court No. 4 |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# MB0433788E) |
| | § | |
| | § | |

## O P I N I O N

Cara Draper appeals her conviction for driving while intoxicated. She was sentenced to 180 days' confinement and ordered to pay a $1,200 fine. The sentence was suspended by the trial court pending Appellant's completion of 24 months' of community supervision. We affirm.

On November 10, 2004, a Highland Park resident contacted the police department to report that an individual had broken a window at his home with a hammer and fled the scene. He also indicated that the woman may have been intoxicated. The homeowner, Mr. Robert Goldstein, identified the individual as his girlfriend, gave the police a description of her, her vehicle, and indicated the direction he believed she was traveling.

Highland Park Police Officer Chris Michael Ray was dispatched to investigate the reported disturbance. He intercepted a vehicle matching Mr. Goldstein's description, and pulled the car over on Elizabeth Street in Dallas County. Appellant was the driver of the vehicle. She also matched Mr. Goldstein's description. Officer Ray approached Appellant and asked her for her driver's licence and questioned her about the reported incident. She admitted that she had

been at the residence where the disturbance was reported. During the conversation, the officer noticed that one of Appellant's hand was bleeding, and he detected the odor of alcohol on her breath.

Officer John Grady Lee and Sergeant Charles W. Gore, also Highland Park police officers, arrived shortly thereafter to assist Officer Ray. The officers confirmed that Appellant was the individual identified by Mr. Goldstein, and then administered first aid to the cut on her hand. While Officer Lee was bandaging her hand, he asked Appellant if she had been drinking, and she admitted that she had consumed three or four drinks that evening. The officers agreed that Appellant smelled of alcohol. Sergeant Gore then instructed Officer Lee to begin field sobriety testing. Officer Lee administered three sobriety tests on Appellant, and determined that she was intoxicated. Appellant was arrested for driving while intoxicated.

On appeal, Appellant has raised six issues for our review. In Issue One, she asserts that she was illegally arrested by Officer Ray because the officer did not have authority to stop her under Chapter Fourteen of the Texas Code of Criminal Procedure. In Issues Two, Three, and Four, Appellant contends that the trial court erred by denying her motion to suppress because she was detained in violation of her state and federal constitutional rights, as well as in violation of Article 1.06 of the Texas Code of Criminal Procedure. In Issue Five, Appellant asserts her motion was improperly denied because Officer Ray was outside his jurisdiction when he stopped her in Dallas. In Issue Six, Appellant challenges the factual sufficiency of the evidence of her intoxication.

Issues One through Five challenge the trial court's denial of Appellant's motion to suppress. In reviewing a trial court's ruling on a motion to suppress, we utilize a bifurcated

standard of review. *Carmouche v. State*, 10 S .W.3d 323, 327 (Tex.Crim.App. 2000). At a suppression hearing, the trial judge is the sole trier of fact and arbiter of the credibility of the witnesses and the weight to be given their testimony, and may accept or reject all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex.Crim.App. 2000). Accordingly, we do not engage in our own factual review of the trial court's decision. *Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990). We give almost total deference to the trial court's ruling on questions of historical fact and application-of-law-to-fact questions that turn on an evaluation of credibility and demeanor. *Johnson v. State*, 68 S.W.3d 644, 652-53 (Tex.Crim.App. 2002). On the other hand, mixed questions of law and fact that do not turn on the credibility and demeanor of a witness are reviewed *de novo*. *Id*.

When the trial court does not file any findings of fact, as here, we review the evidence in the light most favorable to the trial court's ruling. *Torres v. State*, 182 S.W.3d 899, 902 (Tex.Crim.App. 2005). We will assume that the trial court made implicit findings of fact that support its ruling, as long as those findings are supported by the record. *Id*. We will uphold the trial court's ruling if it is correct on any theory of law applicable to the case. *Ross*, 32 S.W.3d at 855-56.

In Issues Two, Three, and Four, Appellant argues Officer Ray's initial detention violated the principles of both federal and state constitutional law, as well as the Texas Code of Criminal Procedure, because the tip which lead police to investigate Appellant was not sufficient to raise a reasonable suspicion.

An officer conducts a lawful temporary detention when he has reasonable suspicion to based on specific articlulable facts, which taken together with rational inferences, lead the officer

to conclude that the individual detained is, has been, or soon will be, engaged in criminal activity. *Brother v. State*, 166 S.W.3d 255, 257 (Tex.Crim.App. 2005), *citing Terry v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed2d 889 (1968). The facts must rise to a level beyond a mere hunch or suspicion. *Brother*, 166 S.W.3d at 257.

Appellant argues that Officer Ray illegally detained her because he did not personally observe her engage in any criminal activity, and the information provided by Mr. Goldstein was not sufficiently reliable to justify the detention. However, the factual basis for stopping a vehicle need not arise from the officer's personal observation. *Id*. The officer may make a temporary detention based on reliable information supplied by another individual. *Id*.

The reliability of the information provided by an informant is judged by the nature of the circumstances under which the information came to be known to the informant. *Id*. at 258. Where the information is provided by a named, private citizen whose only contact with the police is the result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent. *Esco v. State*, 668 S.W.2d 358, 360-61 (Tex.Crim.App. 1982). In addition, when the information is provided by a private citizen who is also the victim of the crime, as was the case here, the credibility and reliability of the information is inherent. *Nelson v. State*, 855 S.W.2d 26, 30 (Tex.App.--El Paso 1993, no pet.). Such information provided to the police via a police radio broadcast constitutes sufficiently reliable information upon which reasonable suspicion can be based. *See Brother*, 166 S.W.3d at 258-59 (detention and investigation for driving while intoxicated was reasonable based on named, citizen informant's description of defendant's car and erratic driving as provided to investigating officer through police dispatcher).

-4-

Appellant maintains that because the officers had information to indicate Appellant and Mr. Goldstein had been arguing, and that there was animosity between the two, the tip which led Officer Ray to stop Appellant was not sufficiently reliable to serve as a basis for reasonable suspicion. We disagree. As Appellant admits in her brief, the informant identified himself to police at the time he reported the broken window. She further admits that Mr. Goldstein's detailed description of the wrongdoing, and his statement that he witnessed the event are circumstances which indicate the information was reliable. Finally, she admits that generally "[s]uch corroboration means confirmation of sufficient facts to reasonably conclude the provided information is reliable and justifies detention." The fact that the police may have known that there was animosity between Appellant and the informant, does not make otherwise reliable information so suspect that it cannot serve as the basis for reasonable suspicion. The circumstances surrounding the tip provided sufficient indications that the information was reliable to provide a basis a reasonable suspicion that Appellant had been involved in criminal activity. Issues Two, Three, and Four are overruled.

Having determined that the officer's investigative detention based on Mr. Goldstein's information was lawful, we turn to Issue One in which Appellant argues that there was no legal basis for her warrantless arrest pursuant to Chapter 14 of the Texas Code of Criminal Procedure. However, Appellant's argument under this issue is also focused entirely on the moment Officer Ray pulled her over. As we have already determined that Officer Ray's actions constituted a lawful investigative detention, there is no need to address Appellant's argument that those same actions constituted an unlawful arrest under Chapter 14. Issue One is overruled.

In Issue Five, Appellant contends that Officer Ray did not have authority to detain her

outside his home jurisdiction of Highland Park. Article 14.03(g) of the Texas Code of Criminal Procedure prohibits a city police officer from detaining or arresting a person outside the officer's geographical jurisdiction. *See* TEX.CODE CRIM.PROC.ANN. art. 14.03 (Vernon 2005); *Brother*, 166 S.W.3d at 260. However, subsection (g)(1) also provides that an officer may arrest a person who, "commits any offense within the officer's presence or view . . . ." TEX.CODE CRIM.PROC.ANN. art. 14.03(g)(1)(Vernon Supp. 2008); *see Brother*, 166 S.W.3d at 260. As we have already discussed, the officers had reasonable suspicion to detain Appellant to investigate Mr. Goldstein's allegation of criminal mischief; an offense which occurred in their home jurisdiction. During the investigation, they developed probable cause to arrest Appellant for driving while intoxicated; a crime which occurred in Officer Ray's presence. Therefore, Appellant's arrest for driving while intoxicated was in compliance with Article 14.03. *See Brother*, 166 S.W.3d at 260. Issue Five is overruled.

In Issue Six, Appellant contends the evidence is factually insufficient to support her conviction for driving while intoxicated. In a factual sufficiency review, we consider all the evidence in a neutral light. *Roberts v. State*, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Evidence is factually insufficient if: (1) the evidence supporting the verdict is so weak that the verdict seems clearly wrong and manifestly unjust; or (2) the evidence supporting the verdict is outweighed by the great weight and preponderance of contrary evidence, rendering the verdict clearly wrong and manifestly unjust. *Id*. We cannot reverse a conviction under the "clearly wrong" or "manifestly unjust" standards simply because, based on the quantum of evidence admitted, we would have voted to acquit. *Watson v. State*, 204 S.W.3d 404, 417 (Tex.Crim.App. 2006). Nor can we declare that a conflict in the evidence justifies a new trial because we

disagree with the jury's resolution of the conflict. *Id*. A new trial will only be granted when the reviewing court determines, on an objective basis, that the great weight and preponderance of the evidence contradicts the jury's verdict. *Id*. In addition, our review should not substantially intrude upon the fact finder's role as the sole judge of the weight and credibility given to witness testimony. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000); *see also Marshall v. State*, 210 S.W.3d 618, 625 (Tex.Crim.App. 2006)(factual sufficiency review still requires "due deference" be given to the jury's determinations).

A person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place. Tex.Pen,Code Ann. § 49.04 (Vernon 2003). Appellant contends that there is factually insufficient evidence that she was intoxicated. She argues that the evidence demonstrates only that she was upset over difficulties in her relationship with Mr. Goldstein and was physically wounded. She continues by arguing that the "clues" recorded during field sobriety testing were caused by her emotional state, not intoxication. She also points to her ability and willingness to cooperate with officers as evidence that she had not lost the use of her mental faculties.

As we have already noted in a factually sufficiency review, we must give due deference to the jury's determinations regarding witness testimony. *See Johnson*, 23 S.W.3d at 7. The jury heard testimony that Appellant admitted she had been drinking earlier in the evening. The jury was able to view Appellant's performance on the field sobriety tests on videotape, and heard Officer Lee's testimony that in his opinion, based on his experience with sobriety testing, Appellant's performance indicated she was intoxicated. The jury had the right, as the sole fact finder, to believe the police officer's testimony. *Id*. While the officer's testimony may conflict

with Appellant's argument that she was emotionally distraught rather than intoxicated, such a conflict is not a proper basis for reversal. *See Watson*, 204 S.W.3d at 417. In addition, having reviewed the evidence in a neutral light, we have not determined that the jury's findings are so contrary to the evidence as to constitute a manifest injustice. Accordingly, Issue Six is overruled.

Having overruled all of the issues Appellant has presented for our review, we affirm the trial court's judgment.

March 5, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClure, and Carr, JJ.
Carr, J. (Not Participating)

(Do Not Publish)