Lanita Marie BROADNAX aka Lanita Marie Moore, Appellant,

v.

STATE of Texas, Appellee.

No. A14–82–868CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 19, 1984.

Tony Aninao, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and DRAUGHN and ELLIS, JJ.

## OPINION

DRAUGHN, Justice.

This is an appeal from a conviction for possession of a firearm by a convicted felon, for which punishment was three years imprisonment. Appellant contends on appeal that the trial court erred by admitting a statement in violation of her post-arrest right to silence, by admitting the firearm into evidence, and by refusing to submit the issue of the legality of the search to the jury. We disagree with these contentions and accordingly affirm the judgment of the trial court.

While driving the wrong way down a one-way street, appellant hit two cars and eventually crashed into a tree on the side of the road. An ambulance and the police were called to the scene of the accident. The ambulance arrived first. The attendants made a quick examination of the appellant, and, although appellant was only semi-conscious and incoherent, determined that appellant did not need to be transported to the hospital. In the meantime, a police officer arrived. He immediately talked to appellant in an effort to learn her identity, but because she was only semi-conscious and incoherent, he was unsuccessful. He then moved appellant to his police car and placed her in the back seat. Thereafter, he returned to appellant's car and in the course of searching the car, found a gun inside her purse. This gun formed the basis of the offense.

■ In her first ground of error, appellant claims that a certain statement admitted at trial was a violation of her post-arrest right to silence. Appellant requested and the trial court granted a motion to suppress oral statements. At trial, the following soliloquy took place:

Prosecutor: Did she ever tell you that she lived near the accident?

Officer Reynolds: No, sir.

Appellant now claims that this was an impermissible use of appellant's post-arrest silence. She argues that this statement was used to establish a necessary element of the offense, namely that she possessed the firearm away from the premises where she lived. Had this statement properly been excluded, she claims, the jury could have believed she crashed into a tree in her own yard. We find this argument to be without merit for the following reasons. First, the court sustained appellant's objection to the question and answer and issued a curative instruction to the jury. Second, the record clearly indicates that appellant hit two other cars as she was proceeding down the street; therefore, even if she crashed into her own tree, she had been away from her own premises further up the street. Thus, the remainder of the record, without reference to appellant's post-arrest silence, adequately supported this element of the offense. Any error in this regard is harmless, and appellant's first ground of error is overruled.

Appellant next complains that the trial court erred in overruling appellant's motion to suppress the admission of the firearm. She claims that the warrantless search did not fit into any of the exceptions to the warrant requirement. We disagree. One of the established exceptions to the warrant requirement is the "emergency doctrine." The rationale of this exception is that there is a need to act immediately to protect or preserve life or to prevent serious injury. *See Bray v. State*, 597 S.W.2d 763, 764 (Tex.Cr.App.1980). Under this exception, officers may search a person found in an unconscious condition for identification, names of relatives and physicians, and medical history. *Perez v. State*, 514 S.W.2d 748, 749 (Tex.Cr.App.1974). The test on appeal is whether the officer reasonably believed that a warrantless search was justified by an emergency. *Bray, supra*, at 765. The burden of proof in this regard is on the State. *Id.* We feel this burden was adequately met. ˙

The record indicates that appellant was repeatedly asked who she was, but she was too incoherent to give an intelligible answer. Believing her to be intoxicated, the officer placed her in the back of his car and searched appellant's purse for identification. Before he initiated the search he was in custody of a nameless, unidentified woman, who was an accident victim, a potential criminal suspect, and the operator of an immobile vehicle that necessarily was going to be towed away. He was unsure of her physical condition and did not know when, or if, she would become coherent. The officer was thus making a proper and necessary search for identification, so it was clearly within the "emergency" exception to the search warrant requirement. The trial court was then correct in denying the motion to suppress and admitting the firearm into evidence.

Finally, appellant contends that the trial court erred in refusing to submit the legality of the search as a fact question to the jury. A charge on the legality of a search need only be given when there is a disputed fact question. *Jones v. State*, 493 S.W.2d 933, 936 (Tex.Cr.App.1973). *See Morr v. State*, 631 S.W.2d 517, 518 (Tex.Cr. App.1982) (en banc). Appellant claims that it was questionable whether the officer *knew* appellant's identity prior to the search and that this fact question should have been submitted to the jury. Again, we disagree. The officer testified that he had received several *different* identifications from sources at the scene of the accident. Since we have already held that the need for identification justified the warrantless search, and since there clearly was a question as to appellant's identity, there existed no disputed facts regarding the legality of the search.

Appellant, likewise, argues that had the issue been submitted to the jury, the jury could have disbelieved the officer's claim that he could not identify appellant. We agree; the jury necessarily does that in all cases, since they are the exclusive judge of the credibility of witness and the weight to

be given to the testimony. *Ables v. State*, 519 S.W.2d 464, 465 (Tex.Cr.App.1975). However, we do not agree that a fact question is raised here. The evidence is clear that the officer could not identify the appellant. Appellant's third ground of error is thus overruled.

Accordingly, the judgment is affirmed.