Dolores ROMERO, Appellant,

v.

The STATE of Texas, Appellee.

No. 196–89.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 21, 1990.

Robert V. Garcia, Jr., Odessa, for appellant.

Al W. Schorre, Jr., Dist. Atty., Randall L. Fluke, Asst. Dist. Atty., Midland, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

This petition presents us with an interlocutory appeal. Appellant was indicted for the offense of murder. V.T.C.A. Penal Code Sec. 19.02(a)(1). By pre-trial motion to suppress, appellant challenged the admissibility of certain oral statements he made to police officers on July 20, 1987, concerning the stabbing death of Jose Lomeli. After a hearing in which both appellant and the State presented evidence, the trial judge entered an order granting appellant's motion. The State appealed that ruling. See Art. 44.01(a)(5), V.A.C.C.P. The court of appeals reversed the ruling of the trial judge and held appellant's oral statements were admissible under Art. 38.22, Sec. 3(c), V.A.C.C.P. *State v. Romero*, 763 S.W.2d 536 (Tex.App.—El Paso 1988). Appellant petitioned this Court for review, raising two grounds, to wit: the court of appeals erred in reversing on the ground that the statements were admissible under Art. 38.22, Sec. 3(c); and the court of appeals erred in reversing on the basis of Art. 38.22, Sec. 3(c) because that ground was never presented to the trial court. We granted the petition on both grounds, and will reverse the judgment of the court of appeals.

A hearing on appellant's motion to suppress began on January 7, 1988, and it was concluded on January 19, 1988. Appellant contended in his motion that his oral statements to police should be suppressed because they were not obtained in compliance with Art. 38.22 since the statements were not recorded.[1]

At the suppression hearing, conflicting and confusing evidence on the sequence of events leading to appellant's statements was presented. Officer Johnson testified for the State that he investigated the stabbing death of Jose Lomeli. Two hispanic males who had taken Lomeli to the hospital told Johnson that "landman" stabbed the deceased and that "landman" was a person named Dolores Romero.[2] Shortly thereafter at the scene of the alleged murder, Johnson approached appellant's home with other uniformed police officers and a justice of the peace, but he stated he had no intention of arresting appellant at that time. After appellant answered the officer's knock on his door, Johnson informed appellant that two men identified him as the one who stabbed the deceased. According to Johnson, appellant said "I stabbed him", and then when asked where the knife was, appellant produced it from his pocket saying "Here it is" and orally admitted in response to a further question that it was the knife with which he stabbed the decedent.[3] Appellant was advised of his rights by one of the officers, and Johnson thereafter arrested him. Justice of the Peace Jobe testified later for the State and gave substantially similar testimony. Both State's witnesses expressed a belief that appellant understood English and was able to converse with them to the degree that they believed he understood their conversations.

Appellant testified at the hearing through a Spanish interpreter. He stated the officers came to his home at 1:30 a.m. and told him that he had been accused of stabbing Jose Lomeli and that he had "to go downtown" with them. Appellant felt that he was under arrest at that time. He then turned over the knife to the officers because he "was scared that there were four of them, and if [he] was to oppose them [he] would be resisting arrest." Appellant denied knowing what it meant to waive your constitutional rights or that he ever admitted at the scene that he killed the deceased. Appellant did not identify from his testimony the knife as the one he used to stab the deceased and, in fact, told the police "I didn't do it" when they asked him about the killing. Appellant denied having anything but a cursory knowledge of the English language and claimed to have understood little of what the police were saying to him.

Subsequently, according to the State's witnesses, appellant had a one hour interview at the police station with Officer Robinson, the contents of which are not in the record as officer Robinson did not testify at the hearing.[4] At the conclusion of the hearing, the trial judge deferred his ruling on appellant's motion.

The State filed an answer to appellant's motion on April 25, 1988, and asserted therein that appellant's oral statements were not the result of custodial interrogation, that his oral statements contained as-

---

1. The motion actually states the oral statements were obtained in noncompliance with Art. 32.-22, but it is obvious this was merely a typographical error in the motion.

2. Appellant was the landlord of the deceased's apartment.

3. There is some confusion in the record as to whether appellant was dressed when he answered the door and then pulled the knife from his pocket, or whether he went to get dressed immediately after the officers identified themselves and then turned over the knife. The actual sequence of events is immaterial to disposition of the grounds for review.

4. The court of appeals obviously found that trial court also suppressed the subsequent, much more detailed oral statement at the police station since it held it was admissible, under the context of events in this case, as part of one continuous oral confession. *Romero*, 763 S.W.2d at 538. We do not reach the correctness of the court of appeals' holding that the statement at appellant's house and the subsequent statement at the station were one "continuing oral confession" because no issue is raised on that point.

sertions of fact or circumstances found to be true and which conduced to establish his guilt, and the statements were not obtained in violation of Art. 38.22. The State also requested written findings of fact and conclusions of law be entered by the trial court. On May 16, 1988, the trial judge signed an order suppressing appellant's oral statements made on July 20, 1987, after he identified himself, but the trial judge did not file written findings and conclusions with this order. In the order, the trial judge concluded appellant's oral statements to peace officers "were the result of custodial interrogation and not recorded or otherwise admissible under Art. 38.22". The State gave notice of appeal.

■ We begin by addressing appellant's second ground for review wherein he complains section 3(c) of Art. 38.22 was never presented to the trial court, and thus the court of appeals erred in reversing on that ground. We first acknowledge that both parties agreed at the hearing that the pivotal issue raised by appellant was whether he was in custody at the time he gave the allegedly inculpatory oral statements, and, at the conclusion of the hearing, the prosecutor reaffirmed that the main issue confronting the trial judge was the time of appellant's arrest. Appellant's motion to suppress argued his statements were inadmissible pursuant to *Art. 38.22*, of which section 3 applies to oral confessions. Subsection (a) of section 3 addresses the requisites for admissibility of an oral confession, while subsection (c) is an exception to the rule of subsection (a). It defies logic to say that subsection (c) is not raised by asserting "Art. 38.22" without more since subsection (a) must be considered when determining the admissibility of an oral confession, and subsection (c) is pertinent to the admissibility determination when raised by the facts. Also, the language of the State's answer to appellant's suppression motion raised Art. 38.22, Sec. 3(c) as a ground for

denying appellant's motion to suppress.[5] And finally, the trial judge apparently considered this section before ruling on the motion since his order states:

> Prior to the entry of this Order came on to be considered Defendant's Motion to Suppress Statements, and the *State's Answer to Defendant's Motion to Suppress* heretofore filed in this cause.

> The Court, having considered the evidence and argument of counsel finds that the oral statements made by the Defendant DOLORES ROMERO on July 20, 1987 at 1907 Carol Drive #5, Midland, Texas, and thereafter to Officer B.G. Johnson and other peace officers, were the result of custodial interrogation and not recorded *or otherwise admissible under Art. 38.22, C.C.P.,* and therefore said Motion should be granted. (emphasis added)

The court of appeals reasoned Section 3(c) was applicable because appellant raised the issue of Section 3, by specifically complaining that the oral confession was not recorded, and the controversy automatically entailed consideration of subsections (a) and (c) under Section 3; that the trial court did not foreclose the issue of Section 3(c); and that the State presented the issue for the court's consideration via its answer to appellant's motion.

We agree with the State's contention that the record demonstrates the issue of applicability of Art. 38.22, Sec. 3(c) was before the trial court. The trial judge's ruling implicitly rejected admissibility of appellant's oral statements under Sec. 3(c). We hold the court of appeals did not err in finding Art. 38.22, Sec. 3(c) was raised before the trial court. Appellant's second ground for review is overruled.

■ As to the issue raised in appellant's first ground for review, the court of appeals found the custody and custodial interrogation issues and findings of the trial

---

**5.** The State does not expressly cite Art. 38.22, Sec. 3(c), but rather used the language of the subsection, by asserting:

The above referenced statements by the Defendant *contained assertions of facts or circumstances found to be true and which con-* duce to establish the guilt of the Defendant, e.g. the instrument with which he stated the offense was committed. [emphasis supplied] Subsection (c) of Art. 38.22, Sec. 3 states subsection (a) does not apply to statements which contain such assertions.

judge were irrelevant to the disposition of the State's appeal because the appellate court found the oral statements were admissible as a matter of law under Art. 38.22, Sec. 3(c). *Romero,* 763 S.W.2d at 538. As to the merits of the Section 3(c) exception, the court of appeals held the production of the knife used to commit the offense rendered admissible appellant's statements at his home and later at the police station. *Id.*

Appellant argues in his first ground for review that the court of appeals erred in reversing the trial court on Sec. 3(c) grounds because it is clear from the record "the trial court did not abuse its' (sic) discretion in finding the State failed to show Sec. 3(c) provided a basis for admitting Appellant's alleged oral statements, because there is sufficient evidence in the record to support the ruling." Appellant complains of the appellate court's finding "as a matter of law, on undisputed facts" that his oral statements were admissible under Art. 38.22, Sec. 3(c). Appellant contends that the facts were contested. Implicit in appellant's argument is that the court of appeals engaged in an improper review of the facts and therefore did not limit its appellate review of the trial court's determinations, as to those facts and the accompanying application of law, to an abuse of discretion standard.

■ The question of the admissibility of an oral confession under Art. 38.22 is a mixture of law and fact. See and cf *Higbie v. State,* 780 S.W.2d 228 (Tex.Cr.App.1989) (determination of DWI roadblock's purpose is mixed question of law and fact). That is, the determination of whether Sec. 3(a) or 3(c) applies in determining the admissibility of an oral statement necessarily depends on the facts of the case. Once it is determined that the oral statement was produced during custodial interrogation, the question arises as to whether the statement is otherwise admissible under the exception to the general rule of inadmissibility, Sec. 3(c) of Art. 38.22. That answer depends on

the factual determination of whether the oral statement "contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused." Appellant correctly states in his brief the trial judge is the sole and exclusive trier of fact and judge of the credibility of the witnesses as well as the weight to be given their testimony at a hearing on a motion to suppress. *Cannon v. State,* 691 S.W.2d 664 (Tex.Cr.App.1985), *cert. denied,* 474 U.S. 1110, 106 S.Ct. 897, 88 L.Ed.2d 931 (1986); *Hawkins v. State,* 628 S.W.2d 71 (Tex.Cr.App.1982); *Green v. State,* 615 S.W.2d 700 (Tex.Cr.App.1981), *cert. denied,* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258. On appeal, the appellate court does not engage in its own factual review[6] but decides whether the trial judge's fact findings are supported by the record. If the trial court's findings of fact are supported by the record, an appellate court is not at liberty to disturb them, and on appellate review, we address only the question of whether the trial court improperly applied the law to the facts. *Self v. State,* 709 S.W.2d 662 (Tex.Cr.App.1986); *Johnson v. State,* 698 S.W.2d 154, 159 (Tex.Cr.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986).

■ We note that here the trial court did not specify the reason it found the statements inadmissible, as the order only states "that the oral statements made by the defendant ... were the result of custodial interrogation and not recorded or otherwise admissible under Art. 38.22, C.C. P.". If the trial judge's decision is correct on any theory of law applicable to the case, however, it will be sustained. *Spann v. State,* 448 S.W.2d 128 (Tex.Cr.App.1969); *Moreno v. State,* 170 Tex.Crim. 410, 341 S.W.2d 455 (1961); *Calloway v. State,* 743 S.W.2d 645 (Tex.Cr.App.1988). This principle holds true even when the trial judge gives the wrong reason for his decision, *Salas v. State,* 629 S.W.2d 796 (Tex.Cr. App.1981), and is especially true with regard to admission of evidence. *Dugard v.*

---

**6.** Except in very narrow circumstances. See *Meraz v. State,* 785 S.W.2d 146 (Tex.Cr.App. 1990).

**544**

*State*, 688 S.W.2d 524 (Tex.Cr.App.1985). Here, the trial court did not specify under which theory he found the statement inadmissible.[7]

> Art. 38.22 Sec. 3(c), states:
> Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed.

Thus, relevant to this case is the illustrative language in the section regarding facts found to be true, "such as the finding of ... the instrument with which he states the offense was committed."

Here there was conflicting testimony about whether appellant admitted committing the offense or identified the knife as the weapon used in the offense. The trial court's suppression of the statements can be upheld, however, on the theory that he chose to believe the appellant, rather than the police officer or the justice of the peace. This involves a factual determination that is supported by the record, to wit: the testimony of the appellant that he did not identify the weapon and in fact denied stabbing the deceased. On appeal then, the court of appeals clearly did not determine whether the trial judge's fact findings were supported, but rather held:

> In conclusion, we find that whether Appellant was in custody or not, whether the statement was the product of custodial interrogation or not, and despite the failure to record the statement or reduce it to writing, the production of the knife admittedly used to commit the offense rendered the continuing oral confession admissible in its entirety.

*Romero*, 763 S.W.2d at 536. Thus they held that Art. 38.22, Sec. 3(c) applied "as a matter of law, on indisputed (sic) facts." *Romero*, 763 S.W.2d at 538. We believe

that in so holding the appellate court fell into error. The facts certainly were disputed, and since the trial judge's ruling can be upheld on the theory that he believed appellant's rendition of the events at his house, the court of appeals should have done so.

Our inquiry does not end here, however, since even if the trial court found that the appellant did not identify the knife as the instrument used in the commission of the offense, it is uncontested that he did surrender a knife to police; so if other independent evidence shows it was the murder weapon then that other evidence may establish the "facts ... that are found to be true" predicate to the admissibility of oral confessions. It therefore remains to be seen whether admission under Sec. 3(c) can be justified on another theory, to wit: that the weapon, which the uncontested evidence shows at the least was tendered by appellant to the police, otherwise conduces to show the guilt of the accused.

We recently had occasion to interpret Art. 38.22, Sec. 3(c) in *Port v. State*, 791 S.W.2d 103 (Tex.Cr.App.1990). Specifically, we delved into the meaning of "contains assertions of fact found to be true which conduce to establish the defendant's guilt". In *Port*, shortly after the defendant was taken into custody, he orally admitted shooting the deceased twice in the head and orally identified the murder weapon as the gun he "shot her with". A subsequent autopsy revealed that the deceased was shot twice in the head and that the gun the defendant identified was the weapon from which the bullets were fired. Thus, the results of the autopsy "found to be true" the facts from the defendant's oral statements, and the statements were thus properly admitted. Implicit in this holding was the notion that "found to be true" means that facts about which the police are *unaware* at the time of the confession are

---

**7.** One of the most litigated theories of inadmissibility in confession cases is that the statement was not voluntary. However, voluntariness must be put in issue by facts before it is an issue. *McDonald v. State*, 631 S.W.2d 237 (Tex. Cr.App.1982). Here appellant conceded in his brief to the court of appeals that "voluntariness of the statements is not at issue", and, in fact, his motion to suppress relies solely on noncompliance with Art. 38.22, specifically "in that the [statements] were not properly recorded."

*later,* after the confession, found to be true.

 In *Chase v. State,* 508 S.W.2d 605 (Tex.Cr.App.1974), the defendant's oral confession enabled police to confirm that plyboard, which had been used in connection with the murder and which the police already had in their possession, came from the defendant's brother's room in their home. Citing well-established case law for the proposition that "[w]hen the facts and circumstances have not led to the discovery of items or information previously unknown to the State, confessions have been held inadmissible", this Court held that since the origin of the plyboard was unknown to the police prior to the statement the determination of the truth of the statement conduced to establish his guilt and met the requirements of what is now Sec. 3(c). (At the time, the identical language was codified in Section 1(e) of Art. 38.22, V.A.C.C.P.) The reliability demanded by Sec. 3 is founded upon this premise (that the oral confession contain facts that lead to the discovery of items or information *previously unknown* to the police). *Briddle v. State,* 742 S.W.2d 379 (Tex.Cr.App. 1987).

We note that in the case at bar there is no evidence that the knife was in fact the weapon used, other than the police officer's statement, denied by appellant, that this was the weapon used.[8] The record is devoid of any fact in the confession that the police later found to be true. Thus, the oral confession did not contain "assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused."

As discussed *supra,* the trial judge did not enter findings of fact and conclusions

of law as requested by the State, but rather found only that appellant's oral statements were the product of custodial interrogation and not recorded "or otherwise admissible under Art. 38.22". Thus, appellant's contention that there is sufficient evidence in the record to support the trial judge's ruling, and therefore the trial court did not abuse its discretion in finding "the State failed to show Sec. 3(c) provided a basis for admitting [his] alleged oral statements", is correct. Accordingly, the judgment of the court of appeals, vacating the suppression order and remanding the cause to the trial court, is reversed and the order of the trial court is affirmed.

BERCHELMANN and STURNS, JJ., not participating.

---

8. This lack of additional evidence would be unimportant on the question of admissibility if the trial judge had accepted that the appellant identified the knife as the weapon used by him in committing the offense. In a series of cases, beginning with *Young v. State,* 547 S.W.2d 23 (Tex.Cr.App.1977), cited by the court of appeals as authority, we have held that even if the weapon identified by the defendant as the weapon he used and found as a result of the confession cannot be positively identified at trial by the victim or other evidence, the confession is

nonetheless admissible; the identification being a matter of credibility of the confession, not admissibility, because the statute itself allows admission of a weapon identified by the accused as the murder weapon. Here, although it is uncontested that appellant surrendered a knife to the police, the rendition of events implicitly accepted by the trial court, or at least under which the ruling of the trial court can be upheld, see *Moreno,* 341 S.W.2d 455, and discussion *supra,* does not show it as the weapon used in the stabbing.