The STATE of Texas, Appellant,

v.

Peyton David BROWN, Appellee.

No. 03–95–00015–CR.

Court of Appeals of Texas,
Austin.

Sept. 27, 1995.

Rehearing Overruled Nov. 8, 1995.

Charlotte Harris, District Attorney, Franklin D. Brown, Assistant District Attorney, San Angelo, for appellant.

Thomas J. Gossett, San Angelo, for appellee.

Before CARROLL, C.J., and JONES and B.A. SMITH, JJ.

BEA ANN SMITH, Justice.

The State of Texas appeals from the district court's order suppressing evidence seized from appellee during a warrantless search. *See* Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (West Supp.1995). In reaching its decision, the trial court implicitly determined that the search lacked probable cause, or that exigent circumstances did not justify the failure to obtain a warrant, or both. Because the relevant facts are not in dispute, this appeal presents only questions of law subject to *de novo* review. Concluding that the trial court applied the law incorrectly in this case, we reverse the trial court's order sustaining the motion to suppress.

At approximately 10:00 p.m. on May 12, 1994, Officer Kevin Deaver of the San Angelo Police Department met with a Ms. Martinez at her home at 31 E. 22nd St.; she told him that appellee had left in her husband's truck to purchase cocaine for her husband. Ms. Martinez described the truck, gave the license plate number, and told Officer Deaver that appellee would be returning with the cocaine about 11:00 p.m. Ms. Martinez's

husband was present during the conversation. Officer Deaver related this information to his supervisor, Lieutenant Byrne, who drove to the area and waited for the truck to arrive. Around 10:30 p.m., the truck described by Ms. Martinez pulled in front of the house. Lieutenant Byrne met appellee at the back of the truck and asked for his driver's license to run a warrant check, which apparently did not turn up any outstanding warrants. Officer Deaver arrived with other officers shortly after Lieutenant Byrne ran the check. Lieutenant Byrne then searched appellee, and found a film canister containing what appeared to be cocaine.

Appellee challenged the admissibility of the canister and its contents by filing a pretrial motion to suppress. Appellee urged in the motion that the officers did not have probable cause to search or arrest him, and that the warrantless search did not fall within any exception to the warrant requirement. Following a hearing at which the State presented the uncontroverted testimony of Officer Deaver and Lieutenant Byrne, the trial court entered an order granting the motion to suppress.

▆▆▆ Appellee alleged at the hearing that the search which yielded the canister exceeded the scope of a *Terry* weapons search, and the State did not contest this assertion. *See Davis v. State,* 829 S.W.2d 218, 221 (Tex. Crim.App.1992). Although the trial court did not specify its reasons for granting the motion to suppress, the decision will be sustained if it is correct on any applicable theory of law. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim.App.1990). In order to make a valid warrantless search or arrest, the State must show that it had probable cause at the time of the search or arrest, and that circumstances existed which made the procurement of a warrant impracticable. *McNairy v. State,* 835 S.W.2d 101, 106 (Tex.Crim.App. 1991); *Jefferson v. State,* 830 S.W.2d 320, 324 (Tex.App.—Austin 1992, pet. ref'd). Implicit in the trial court's ruling is that the State failed to meet its burden on either or both of these issues; the State must establish that it met its burden on each issue to succeed on appeal. *Romero,* 800 S.W.2d at 543.

▆▆▆ In this case there is no controversy over the facts, and we need only address whether the trial court correctly applied the law to the facts. *Romero,* 800 S.W.2d at 543; *Howe v. State,* 874 S.W.2d 895, 898 (Tex. App.—Austin 1994, no pet.). The trial court's determination that the officers lacked probable cause is a conclusion of law, subject to *de novo* review by an appellate court. *See Higbie v. State,* 780 S.W.2d 228, 230–31 (Tex. Crim.App.1989) (" 'Under the Fourth Amendment the determination of the reasonableness of a seizure is a conclusion of law' " (citations omitted)); *Johnson v. State,* 885 S.W.2d 578, 580 (Tex.App.—Dallas 1994, no pet.) ("In the absence of conflicting evidence, the question of whether probable cause for a warrantless search existed is a question of law."). Thus, an appellate court must make its own determination as to whether probable cause existed at the time of the questioned activity. *Higbie,* 780 S.W.2d at 230.

▆▆▆ Probable cause exists if the facts and circumstances known to the officer or provided through reasonably trustworthy information are sufficient in themselves to allow a person of reasonable caution to believe that a particular person has committed or is committing an offense. *Amores v. State,* 816 S.W.2d 407, 413 (Tex.Crim.App.1991). The duty of the reviewing court is to look to the totality of the circumstances in determining whether probable cause for a warrantless search and seizure exists. *Id.; Angulo v. State,* 727 S.W.2d 276, 278 (Tex.Crim.App. 1987). Probable cause is a flexible, common-sense standard, requiring a practical probability that incriminating evidence is involved. *Miller v. State,* 667 S.W.2d 773, 777 (Tex. Crim.App.1984).

▆▆▆ The information given to Officer Deaver by Ms. Martinez was reliable as a matter of law. *Marquez v. State,* 725 S.W.2d 217, 233 (Tex.Crim.App.), *cert. denied,* 484 U.S. 872, 108 S.Ct. 201, 98 L.Ed.2d 152 (1987) (identified citizen is presumed to be reliable as a matter of constitutional law); *Mason v. State,* 838 S.W.2d 657, 660 (Tex. App.—Corpus Christi 1992, pet. ref'd). Lieutenant Byrne observed before the search that the truck matched the description provided by Ms. Martinez; it arrived at the

specified location within the hour, some thirty minutes earlier than predicted. On these facts, a reasonable and cautious person could conclude that appellee was in possession of cocaine as alleged by Ms. Martinez. Accordingly, we hold that the officers had probable cause to believe appellee possessed cocaine at the time of the search.

We now consider whether the State met its burden of showing that the presence of exigent circumstances justified the failure of the officers to obtain a warrant. To resolve this issue, we ask whether the officers reasonably believed that exigent circumstances justified the warrantless search. *Bray v. State*, 597 S.W.2d 763, 765 (Tex. Crim.App.1980); *Broadnax v. State*, 666 S.W.2d 283, 285 (Tex.App.—Houston [14th Dist.] 1984, no pet.). The reasonableness of the officers' belief is judged as of the time they began the search of appellee. *Stewart v. State*, 681 S.W.2d 774, 778 (Tex.App.— Houston [14th Dist.] 1984, pet. ref'd) (quoting *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968)).

Exigent circumstances usually include the need to aid persons reasonably believed to require assistance, the possible destruction of evidence, and the need to protect officers or others from a perceived danger. *McNairy*, 835 S.W.2d at 107; *Jefferson*, 830 S.W.2d at 324; *Spears v. State*, 801 S.W.2d 571, 574 (Tex.App.—Fort Worth 1990, pet. ref'd). "With regard to the possible destruction of evidence as an exigent circumstance, the State must show that the police could have reasonably concluded that evidence would be destroyed or removed before they 'could obtain a search warrant." *McNairy*, 835 S.W.2d at 107. Circumstances relevant to this inquiry include (1) the degree of urgency involved and the amount of time needed to obtain a warrant; (2) the reasonable belief that the contraband is about to be removed; (3) the possibility of danger to officers guarding the site of the contraband while a warrant is sought; (4) information indicating the alleged possessors of the contraband are aware that the police are on their trail; and (5) the ready destructibility of the contraband and the knowledge that efforts to dispose of narcotics and to escape are characteristic of persons involved in narcotics trafficking. *Id.* (citing *United States v. Rubin*, 474 F.2d 262 (3rd Cir.1973)).

Appellee arrived in the truck less than thirty minutes after Officer Deaver's conversation with Ms. Martinez. Officer Deaver testified that there was no time to obtain a warrant during this short time frame. Ms. Martinez's husband knew of her conversation with Officer Deaver. Had the officers allowed appellee to proceed with his transaction, he probably would have learned that the police had become involved. On these facts the officers could reasonably believe that the immediacy of appellee's arrival, coupled with the inability to obtain a warrant in the time available, justified their decision to conduct the search without a warrant. Because we conclude that the urgency of the situation and the lack of time to obtain a warrant created an exigent circumstance, we need not consider other exigent circumstances that might have justified the officers' decision.

Having concluded that the State met its burden of establishing both probable cause for the search and exigent circumstances justifying the failure to obtain a warrant, we reverse the order of the trial court sustaining appellee's motion to suppress. We remand the cause to the trial court for further proceedings.