Pratte 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON MOTION FOR REHEARING









NO. 03-95-00351-CR






Mimi G. Pratte, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY


NO. 420,936, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING








 Our opinion of March 13, 1996 is withdrawn and this one substituted in its place. 
Appellant Mimi G. Pratte pled nolo contendere to the charge of driving while intoxicated. See
Tex. Penal Code Ann. § 49.04(a) (West 1994 & Supp. 1996). The trial court rendered a
judgment of conviction and assessed punishment at 90 days confinement in the county jail plus a
$1500 fine, but probated the sentence and placed appellant on community supervision. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 3 (West Supp. 1996). Appellant contends that, because the
traffic stop leading to her arrest was illegal, the trial court erred in refusing to suppress evidence
obtained as a result of that stop. Because we conclude that the trial court acted within its
discretion in denying appellant's motion to suppress, we will affirm the judgment of conviction.



BACKGROUND


 On August 11, 1994, at approximately 4:00 a.m., Austin Police Officer Susan
Farmer was on patrol near the intersection of Burnet Road and Highway 183. At the suppression
hearing, appellant elicited the following from Officer Farmer regarding the stop:



Q: Did you see a 1986 Mercury Cougar at that intersection?


A: Yes.


Q: Was that vehicle northbound on Burnet and Research?


A: Yes.


Q: Did you see the Mercury Cougar proceed through the light at Research
Boulevard?


A: Yes.


Q: And did you activate your lights and pull that Mercury Cougar over?


A: Yes.



This testimony supplied the only evidence bearing on the traffic stop.

 Appellant contends that Officer Farmer's testimony reflects no traffic violation
which could have justified the stop. She claims that "proceed[ing] through the light" is consistent
with innocent activity, presumably because the evidence does not directly show that she proceeded
through a red light. In three points of error appellant asserts that, because the evidence
demonstrates no illegal activity on her part, the stop violates her rights under the Fourth and
Fourteenth Amendments to the United States Constitution, Article I, sections 9 and 19 of the
Texas Constitution, and chapters 14 and 38 of the Code of Criminal Procedure. Accordingly, she
argues, all evidence gained as a result of the stop should have been suppressed. See Viveros v.
State, 828 S.W.2d 2, 4 (Tex. Crim. App. 1992) (citing Wong Sun v. United States, 371 U.S. 471
(1963)).



DISCUSSION AND HOLDING


 In order for this stop to be justified, there must be articulable facts used by the
officer to create some reasonable inference of criminal conduct on appellant's part. Viveros, 828
S.W.2d at 4; Jefferson v. State, 830 S.W.2d 320, 323 (Tex. App.--Austin 1992, pet. ref'd). The
officer's observation of events equally consistent with both innocent and criminal activity will not
justify a stop. Shaffer v. State, 562 S.W.2d 853, 855 (Tex. Crim. App. 1978). In this case,
Officer Farmer's observation of appellant driving through the intersection under a red light would
justify the stop. See Tex. Transp. Code Ann. §§ 542.301(a), 544.007(d), .008 (West 1996).

 In a suppression hearing, the trial court is the sole trier of fact and judge of the
credibility of witnesses and the weight to be given their testimony. Romero v. State, 800 S.W.2d
539, 543 (Tex. Crim. App. 1990). The trial court may accept or reject all or any part of a
witness's testimony. Alvarado v. State, 853 S.W.2d 17, 23 (Tex. Crim. App. 1993); Allridge v.
State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991), cert. denied, 114 S. Ct. 101 (1993). An
appellate court must view the evidence in the light most favorable to the trial court's ruling at the
suppression hearing. Upton v. State, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993). In
reviewing the trial court's decision, an appellate court does not engage in its own factual review;
it determines only whether the record supports the trial court's findings. Romero, 800 S.W.2d
at 543. In making this determination, an appellate court considers the totality of the
circumstances. Dancy v. State, 728 S.W.2d 772, 777 (Tex. Crim. App.), cert. denied, 484 U.S.
975 (1987). If the trial court's fact findings are supported by the record, an appellate court will
not disturb the findings absent an abuse of discretion. Etheridge v. State, 903 S.W.2d 1, 15 (Tex.
Crim. App. 1994), cert. denied, 116 S. Ct. 314 (1995); Upton, 853 S.W.2d at 553; Cantu v.
State, 817 S.W.2d 74, 77 (Tex. Crim. App. 1991). In the absence of express findings of fact,
this Court will presume that the trial court found the facts needed to support its ruling. See State
v. Gunter, 902 S.W.2d 172, 173 (Tex. App.--El Paso 1995, pet. ref'd); State v. Johnson, 896
S.W.2d 277, 280-81 (Tex. App.--Houston [1st Dist.] 1995, pet. granted). On appellate review,
this Court will normally address only the question of whether the trial court properly applied the
law to the facts. Romero, 800 S.W.2d at 543. 

 Appellant urges us to conduct a de novo review of the trial court's action in this
case, because there is no factual dispute as to Officer Farmer's testimony. See State v. Brown,
908 S.W.2d 45, 47 (Tex. App.--Austin 1995, pet. ref'd). Brown held that when no controversy
exists over facts adduced at a suppression hearing, we review de novo the trial court's application
of the law to the facts. Id. The vitality of our holding in Brown is questionable in the wake of
Dubose v. State. See Dubose v. State, No. 007-94, slip op. at 7 (Tex. Crim. App. Feb. 14, 1996)
(holding that courts of appeals should reverse trial court's decision on motion to suppress only for
abuse of discretion). This issue is irrelevant to our analysis, however, because appellant contests
the trial court's implicit finding of fact that appellant committed a traffic violation justifying the
stop. See Gunter, 902 S.W.2d at 173. We will not disturb this finding of fact absent an abuse
of discretion. Etheridge, 903 S.W.2d at 15. A trial court does not abuse its discretion as long
as its ruling lies within the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1990) (opinion on rehearing). 

 The relevant evidence adduced at the suppression hearing shows: (1) Officer
Farmer was on patrol; (2) she observed appellant's car "proceed through the light" at the
intersection; and (3) based on her observation she pulled appellant over. We note that Officer
Farmer did not coin this disputed phrase, but answered in the affirmative when defense counsel
asked, "Did you see the Mercury Cougar proceed through the light at Research Boulevard?" 
While we don't understand "through" to be synonymous with "against" in common usage, in this
context of a suppression hearing in which the color of the light was never disputed (defense
counsel focused its questions on the propriety of the field sobriety tests and certain interrogation
of the defendant), the trial court had some evidence from which it could reasonably conclude that
Officer Farmer stopped the car after it proceeded through a red light. Our holding is bolstered
by defense counsel's failure to contest the State's explicit argument that Officer Farmer stopped
the car after it ran a red light. Under these circumstances, individuals could reasonably
understand "proceeding through the light" to mean illegally driving through a red light. See
Dancy, 728 S.W.2d at 777. Accordingly, the trial court did not abuse its discretion in apparently
determining that Officer Farmer stopped appellant's car after observing her drive through a red
light.

 Because the trial court acted within its discretion in finding that Officer Farmer
observed appellant commit a traffic violation, we hold that the traffic stop was lawful and
justified. The trial court therefore did not err in refusing to suppress evidence resulting from the
stop. We overrule appellant's three points of error.



CONCLUSION


 Having overruled all of appellant's points of error, we affirm the judgment of
conviction.



 Bea Ann Smith, Justice

Before Justices Aboussie, B. A. Smith and Dally*

Affirmed

Filed: April 24, 1996

Do Not Publish
















* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1988).



/EM>, 800 S.W.2d at 543. 

 Appellant urges us to conduct a de novo review of the trial court's action in this
case, because there is no factual dispute as to Officer Farmer's testimony. See State v. Brown,
908 S.W.2d 45, 47 (Tex. App.--Austin 1995, pet. ref'd). Brown held that when no controversy
exists over facts adduced at a suppression hearing, we review de novo the trial court's application
of the law to the facts. Id. The vitality of our holding in Brown is questionable in the wake of
Dubose v. State. See Dubose v. State, No. 007-94, slip op. at 7 (Tex. Crim. App. Feb. 14, 1996)
(holding that courts of appeals should reverse trial court's decision on motion to suppress only for
abuse of discretion). This issue is irrelevant to our analysis, however, because appellant contests
the trial court's implicit finding of fact that appellant committed a traffic violation justifying the
stop. See Gunter, 902 S.W.2d at 173. We will not disturb this finding of fact absent an abuse
of discretion. Etheridge, 903 S.W.2d at 15. A trial court does not abuse its discretion as long
as its ruling lies within the zone of reasonable disagreement. Montgomery v. State, 810 S.W.2d
372, 391 (Tex. Crim. App. 1990) (opinion on rehearing). 

 The relevant evidence adduced at the suppression hearing shows: (1) Officer
Farmer was on patrol; (2) she observed appellant's car "proceed through the light" at the
intersection; and (3) based on her observation she pulled appellant over. We note that Officer
Farmer did not coin this disputed phrase, but answered in t