TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-97-00665-CR


NO. 03-97-00666-CR







Courtney Washington, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NOS. 0955145 & 0971016, HONORABLE CHARLES CAMPBELL, JUDGE PRESIDING







A jury found appellant Courtney Washington guilty of aggravated robbery, after
which the district court assessed punishment at imprisonment for thirty years. Tex. Penal Code
Ann. § 29.03 (West 1994). Based on the evidence adduced at the robbery trial, the court also
revoked Washington's community supervision from an earlier conviction for burglary of a
habitation and imposed a sentence of imprisonment for six years.

Melissa Sanchez was robbed by two men after withdrawing cash at an automatic
teller machine near the corner of Oltorf and Congress in Austin. One of the men was armed with
a pistol, which discharged when he dropped it while struggling with Sanchez. Based on statements
by Sanchez and other witnesses, the police began looking for four suspects: three men and a
woman. At trial, Sanchez identified Washington's codefendant Marc Giles as the robber with the
pistol.

Sharon Byrd, who matched the description of the female suspect, was arrested a 
few blocks from the scene of the robbery. Byrd testified that on the night in question she,
Washington, Giles, and a third man went by bus to a sporting goods store, where Washington
purchased a ski mask. They then took another bus to a video rental store in a shopping center at
Oltorf and Congress. While on the bus, Byrd heard Washington and Giles talk about committing
a robbery. After the group left the bus, Washington put on the ski mask, then he and Giles walked
quickly toward the automatic teller machine. Byrd saw the two men approach a woman, then
heard a scream and a gunshot. Washington and Giles fled. They were later arrested based on
information received from Byrd.

Jonathon Brown shared a holding cell with Washington in the Travis County jail. 
Brown testified that Washington told him that he and another man "was on the bus and they got
off and they seen the woman they robbed with some money in her hand and they robbed her." 
Washington also told Brown that he had been arrested because "the female that was with them,
she got caught and told on them."

Washington contends the district court should not have admitted Brown's testimony
because it does not fit any exception to the hearsay rule. See Tex. R. Evid. 803, 804(b). This
argument fails because Washington's statement to Brown was an admission by party-opponent,
which is not hearsay by definition. See Tex. R. Evid. 801(e)(2)(A). Although the district court
admitted the testimony as a statement against interest pursuant to rule 803(24), we must sustain
its ruling on any correct legal theory. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). The point of error is overruled.

Next, Washington contends the evidence is legally insufficient to sustain the
aggravated robbery conviction. He argues that his conviction rests on Byrd's testimony, that she
was an accomplice witness, and that her testimony cannot be considered because it was not
corroborated. We will accept Washington's contention that Byrd was an accomplice as a matter
of law for the purpose of this opinion, but we note that the district court submitted the issue to the
jury as a fact question. A conviction cannot be had on the testimony of an accomplice unless it
is corroborated by other evidence tending to connect the defendant to the offense. Tex. Code
Crim. Proc. Ann. art. 38.14 (West 1979).

Washington's statement to Brown tends to connect him to the robbery and thus
supplies the necessary corroboration for Byrd's testimony. See Farris v. State, 819 S.W.2d 490,
495 (Tex. Crim. App. 1990) (defendant's confession may be sufficient to corroborate accomplice
witness). We have already rejected Washington's contention that Brown's testimony was
inadmissible hearsay. Washington also argues that Brown was not a credible witness, but this was
a question for the jury. Viewing the evidence in the light most favorable to the jury's verdict, a
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. See Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State, 820 S.W.2d 154 (Tex.
Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). Point of error two
is overruled.

Finally, Washington contends the district court abused its discretion by revoking
his community supervision on the basis of Brown's hearsay testimony. We have already explained
that Brown's testimony was not hearsay. The point of error is without merit.

We affirm the judgment of conviction in Travis County cause number 0971016, and
we affirm the order revoking community supervision in Travis County cause number 0955145.




 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed

Filed: March 25, 1999

Do Not Publish



four suspects: three men and a
woman. At trial, Sanchez identified Washington's codefendant Marc Giles as the robber with the
pistol.

Sharon Byrd, who matched the description of the female suspect, was arrested a 
few blocks from the scene of the robbery. Byrd testified that on the night in question she,
Washington, Giles, and a third man went by bus to a sporting goods store, where Washington
purchased a ski mask. They then took another bus to a video rental store in a shopping center at
Oltorf and Congress. While on the bus, Byrd heard Washington and Giles talk about committing
a robbery. After the group left the bus, Washington put on the ski mask, then he and Giles walked
quickly toward the automatic teller machine. Byrd saw the two men approach a woman, then
heard a scream and a gunshot. Washington and Giles fled. They were later arrested based on
information received from Byrd.

Jonathon Brown shared a holding cell with Washington in the Travis County jail. 
Brown testified that Washington told him that he and another man "was on the bus and they got
off and they seen the woman they robbed with some money in her hand and they robbed her." 
Washington also told Brown that he had been arrested because "the female that was with them,
she got caught and told on them."

Washington contends the district court should not have admitted Brown's testimony
because it does not fit any exception to the hearsay rule. See Tex. R. Evid. 803, 804(b). This
argument fails because Washington's statement to Brown was an admission by party-opponent,
which is not hearsay by definition. See Tex. R. Evid. 801(e)(2)(A). Although the district court
admitted the testimony as a statement against interest pursuant to rule 803(24), we must sustain
its ruling on any correct legal theory. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App.
1990). The point of error is overruled.

Next, Washington contends the evidence is legally insufficient to sustain the
aggravated robbery conviction. He argues that his conviction rests on Byrd's testimony, that she
was an accomplice witness, and that her testimony cannot be considered because it was not
corroborated. We will accept Washington's contention that Byrd was an accomplice as a matter
of law for the purpose of this opinion, but we note that the district court submitted the issue to the
jury as a fact question. A conviction cannot be had on the testimony of an accomplice unless it
is corroborated by other evidence tending to connect the defendant to the offense. Tex. Code
Crim. Proc. Ann. art. 38.14 (West 1979).

Washington's statement to Brown tends to connect him to the robbery and thus
supplies the necessary corroboration