NO. 07-02-0429-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 23, 2004

_____

GABINO ANGUIANO GUTIERREZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 84TH DISTRICT COURT OF HANSFORD COUNTY;

NO. 1311; HONORABLE WILLIAM S. SMITH, JUDGE

_____

Before REAVIS and CAMPBELL, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Following his plea of not guilty, appellant Gabino Anguiano Gutierrez was convicted

by a jury of murder with an affirmative finding on use of a deadly weapon and punishment

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

was assessed at confinement for life. By his brief and amended brief, appellant presents three points of error urging error by the trial court in (1) admitting into evidence and (2) allowing expert testimony on State's Exhibits 12, 13, 14, 15, 16, 51, 55, 56, and 73 which were obtained in violation of the Fourth and Fourteenth Amendments to the United States Constitution, Article I, Section 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure; and (3) allowing inadmissible hearsay testimony in violation of Rule 803 of the Texas Rules of Evidence. We affirm.

In the early morning hours of July 18, 2001, appellant telephoned his long-time friend, Cisco Vela, to report that he had shot his live-in girlfriend and asked him to come to the scene. Initially, Vela wanted to notify the paramedics; instead, appellant insisted that the victim was dead, and because he was not fluent in English, asked Vela to notify the police that an "accident" had occurred. Vela testified that because of static on the telephone line he could not understand if appellant said he was cleaning or playing with the gun when the victim was shot.

Vela went to the sheriff's office to report the incident, but being unsure of how to give directions to appellant's physical address, he accompanied an officer to appellant's residence. Upon locating the residence, Vela was taken back to the sheriff's office before officers began their investigation. Appellant met the officers in front of his home and although he was not under arrest at that time, was handcuffed and eventually placed in one of the officers' patrol cars. The victim was found in one of the bedrooms with a

2

gunshot wound to the head and blood on the bedding and pillow. After paramedics determined the victim was in fact dead, a justice of the peace pronounced the death a homicide and the officers commenced searching for evidence. Without obtaining a search warrant, numerous photographs of the victim and the scene were taken and certain items were seized.

Following a hearing on appellant's motion to suppress evidence based on a warrantless search and arrest, numerous items were suppressed. The case then proceeded to trial before a jury after which appellant was convicted of murder. He challenges his conviction asserting trial court error in the admission of numerous exhibits and testimony regarding those exhibits as well as inadmissible hearsay.

By his first two points, appellant contends the trial court's admission of certain State exhibits and expert testimony regarding them violated the Fourth and Fourteenth Amendments of the United States Constitution, Article I, Section 9 of the Texas Constitution, and article 38.23 of the Texas Code of Criminal Procedure. We disagree. A trial court's ruling on the admission of evidence may not be disturbed on appeal without a showing of abuse of discretion. Rankin v. State, 974 S.W.2d 707, 714 (Tex.Cr.App. 1996); *see also* Green v. State, 934 S.W.2d 92, 101-02, (Tex.Cr.App. 1996), *cert denied*, 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997).

Appellant complains about the admission of and testimony regarding the following exhibits:

- No. 12 – photo of victim's body in bed
- No. 13 – photo of victim's body in bed
- No. 14 – photo of victim's body in bed
- No. 15 – photo of victim's body in bed
- No. 16 – photo of victim's body in bed
- No. 51 – photo of victim's body just prior to autopsy
- No. 55 – ice chest
- No. 56 – fan; and
- No. 73 – diagram of room prepared for crime scene reconstruction and to show trajectory of the bullet.

Tom Bevel, an expert in crime scene reconstruction and blood spatter analysis, testified that based on the State's exhibits, the victim's death could not have been accidental as urged by the defense. During his testimony he referenced the exhibits appellant asserts were erroneously admitted, which appellant contends also rendered his testimony inadmissible.

## Exhibit 51

The State asserts that error was not preserved for review regarding Exhibit 51. A prerequisite for appellate review is a timely and specific objection by the defendant and an adverse ruling by the trial court. Tex. R. App. P. 33.1(a). When the forensic pathologist that conducted the autopsy testified, appellant objected to Exhibits 20 through 41 and 45. After the objection was overruled, defense counsel sought and was granted a running objection regarding those exhibits. When Exhibit 51 was offered the court asked for

objections to which defense counsel responded, "[n]o additional objections." Thus, error, if any, in the admission of Exhibit 51 was not preserved for review.

## Exhibits 55 and 56 (ice chest and fan)

The victim's daughter testified that several weeks after her mother died and after appellant was in jail, she went to the residence to remove her mother's possessions. She retrieved them from the bedroom that her mother and appellant shared. Actions of a private person not acting as an agent for law enforcement are not subject to the Fourth Amendment prohibitions against unreasonable searches and seizures. Bodde v. State, 568 S.W.2d 344, 352-53 (Tex.Cr.App. 1978), *cert. denied*, 440 U.S. 968, 99 S.Ct. 1520, 59 L.Ed.2d 784 (1979). Further, article 38.23 of the Texas Code of Criminal Procedure does not render inadmissible items seized by a person rightfully entitled to be on the premises. *Id*. at 353; *see also* Cobb v. State, 85 S.W.3d 258, 271 (Tex.Cr.App. 2002). We conclude the trial court did not abuse its discretion in admitting Exhibits 55 and 56.

## Exhibits 12, 13, 14, 15, 16, and 73

Relying on Brimage v. State, 918 S.W.2d 466 (Tex.Cr.App. 1994), appellant argues that Exhibits 12, 13, 14, 15, 16, and 73 were erroneously admitted and testified to because no evidence of an exception to the prohibition against warrantless searches and seizures, *i.e.,* plain view or exigent circumstances, was presented. The State responds with the following exceptions, to-wit: (1) plain view; (2) consent; (3) exigent circumstances; and (4)

investigatory duties by a justice of the peace pursuant to article 49.04(a) of the Texas Code of Criminal Procedure.

We disagree with the State that the exigent circumstances exception applied because any emergency ended when the victim's body was discovered and she was pronounced dead by medical authorities. However, we do agree with the State that other exceptions to the prohibition against unreasonable searches and seizures apply. Discovery by law enforcement of the victim's dead body with a gunshot wound to the head was in plain view in the bedroom. *See* Gipson v. State, 82 S.W.3d 715, 722 (Tex.App.–Waco 2002, no pet.).

Furthermore, Vela's testimony that appellant telephoned him and asked him to notify law enforcement to come to his residence after the victim was shot supports appellant's consent to commence the investigation. *See generally* Allen v. State, 536 S.W.2d 364, 369 (Tex.Cr.App. 1976) (holding that photographs and a diagram were properly admitted in voluntary manslaughter case because the defendant instigated the investigation by calling the sheriff's office and the funeral home). Thus, any photographs of the victim's body and the diagram depicting reconstruction of the scene were properly admitted. We conclude the trial court did not abuse its discretion in admitting the exhibits and testimony of which appellant complains. Points of error one and two are overruled.

Appellant's third point contention challenges the testimony of Palmira Moore, Ruben Rojas, and Eddie Rojas as inadmissible hearsay in violation of Rule 803 of the Texas

6

Rules of Evidence. The trial court is the arbiter of whether hearsay is admissible under an exception to the general rule of exclusion and its ruling will be upheld absent an abuse of discretion. Head v. State, 4 S.W.3d 258, 266 (Tex.Cr.App. 1999); Coffin v. State, 885 S.W.2d 140, 149 (Tex.Cr.App. 1994). The witnesses testified to the victim's statements expressing fear that appellant was going to hurt her or shoot her. After defense counsel urged objections based on Rule 803(3), the trial court held the statements admissible under Rule 803(1) as being present sense impressions. Defense counsel then urged an 803(1) objection also.

Palmira Moore testified that appellant and the victim had a turbulent relationship. The victim feared appellant would shoot her and had told others appellant was going to kill her. Ruben Rojas testified that the victim was scared of appellant and that he was going to shoot her. Eddie Rojas testified that the victim brought a gun and shells to him to put away for her because she thought appellant might use the gun on her.

Testimony of a victim's fear is a mental feeling admissible under Rule 803(3). McDonald v. State, 911 S.W.3d 798, 806 (Tex.App.–San Antonio 1995, pet. dism'd). Evidence of a victim's fear is also admissible under Rule 803(3) to show the declarant's state of mind. Williams v. State, 927 S.W.2d 752, 764-65 (Tex.App.–El Paso 1996, pet. ref'd). Although the trial court ruled the statement's admissible under Rule 803(1), the ruling will be upheld on any correct theory of law. Romero v. State, 800 S.W.2d 539, 543 (Tex.Cr.App. 1990). Thus, the trial court did not abuse its discretion in admitting the

objected-to testimony of Palmira Moore, Ruben Rojas, and Eddie Rojas.  Point of error

three is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

8