

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00367-CR

EDGAR RIDGE, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 46th District Court
Wilbarger County, Texas
Trial Court No. 11830, Honorable Dan Mike Bird, Presiding

July 18, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Edgar Ridge, Jr., was convicted of the offense of burglary of a habitation.[1]  Further, the jury found that appellant had been twice convicted of felony offenses,[2] and sentenced appellant to a term of confinement of 38 years in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).  Appellant appeals bringing forth a single complaint about the trial court's admission of fingerprint

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(a)(1) (West 2011).

[2] *See id.* § 12.42(d) (West Supp. 2013).

evidence in two separate issues. First, appellant contends that the trial court erred in admitting the fingerprint evidence because there was no showing that the witness who collected the fingerprints had the proper expertise to be permitted to testify. Second, appellant further contends that there was no showing of a proper foundation of reliability to allow the witness to testify about the fingerprints he collected. Finding that appellant's issues are without merit, we affirm.

## Factual and Procedural Background

Appellant does not contest the sufficiency of the evidence; therefore, we will discuss only that portion of the record necessary for the disposition of appellant's contentions.

On February 17, 2013, Savannah Sandoval's home was burglarized. When Sandoval returned home and discovered the burglary, she noticed the very strong odor of a man's cologne permeating her house. When Sandoval went outside to place her children in her vehicle until the police arrived, she encountered appellant. Appellant was then in a dating arrangement with Emily Mitchell, who lived near Sandoval. Upon asking appellant if he saw anyone entering her home, Sandoval recognized the cologne appellant was wearing as having the same scent she smelled inside the house. Sandoval confronted appellant about the burglary but he replied that she was crazy and hurried off.

Sandoval called the police. The responding officers contacted Mitchell and asked permission to come inside her house and look around, which Mitchell granted.

Upon entering Mitchell's house and going to the bedroom, police found a laptop and items of personal jewelry that Sandoval identified as belonging to her.

Detective Ralph Parker came to the scene and took pictures and dusted the laptop for fingerprints. On the laptop, Parker found several latent fingerprints that he was able to lift and transfer to fingerprint cards. Subsequent comparison between these latent prints and known fingerprints of appellant by Annette Wang of the Wichita Falls Police Department revealed that the fingerprints from the laptop were those of appellant.

During the trial, Parker was examined about how he lifts latent prints off of items when appellant's counsel objected that the groundwork had not been laid "for him to have any training or expertise in taking or matching fingerprints." There was a subsequent bench conference where the trial court inquired whether Parker was going to testify about a comparison between the latent prints and appellant's known prints. After being assured that there was a different "expert" witness to testify about the comparison to known prints, the trial court instructed the State to proceed with questioning of Parker. Subsequently, the latent prints were offered into evidence as S-13. When the exhibit was tendered, the only objection made by appellant's counsel was, "Your Honor, I'm going to object to 13. He cannot prove that these have not been tampered with. The standard procedure would be to bring the evidence log." The trial court overruled that objection and S-13 was admitted.

Initially, we must determine whether appellant's issues have been preserved for appeal. When Parker first testified, appellant initially appeared to attempt an objection

3

about Parker's qualifications.  However, after a bench conference at which the trial court inquired of the State whether Parker was going to render an opinion and the State answered that Parker was not going to render an opinion, the matter seemed to have been dropped.  When the exhibit at issue, S-13, was offered into evidence the objection went to chain of custody.  This is problematic for the Court as it appears that the only objection made at trial does not comport with the issues brought forth on appeal.  *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012).  Appellant now contends that the trial court erred in admitting S-13 for two reasons that relate to the qualifications of the officer who collected the latent fingerprints.  As such, appellant failed to preserve the complaints he now presents on appeal.  However, assuming *arguendo* that appellant's issues are properly before this Court, appellant is not entitled to relief for the reasons we set forth below.

The essence of appellant's two complaints is that the trial court erred in admitting S-13 because Parker did not have the requisite training and expertise to be permitted to testify about the collection of the evidence under Texas Rule of Evidence 702.[3]  Next, appellant contends that the exhibit should not have been admitted because Parker could not show the proper foundation of reliability in the collection of the latent prints.  We will overrule these contentions.

Standard of Review

We review a trial court's decision to admit or exclude evidence for abuse of discretion.  *Shuffield v. State*, 189 S.W.3d 782, 793 (Tex. Crim. App. 2006).  A trial court

---

[3] Further reference to the Texas Rules of Evidence will be by reference to "Rule ____."

does not abuse its discretion if its decision is within the zone of reasonable disagreement. *See Walters v. State*, 247 S.W.3d 204, 217 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh'g). We will sustain the trial court's decision if that decision is correct on any theory of law applicable to the case. *Romero v. State*, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990) (en banc).

Analysis

A review of the two variations of the issue presented by appellant's brief reveals that appellant seems to have concluded that Parker rendered an opinion about the fingerprint analysis. Yet, conspicuously missing from appellant's brief is any reference to the record where Parker rendered such an opinion. What Parker testified to was his actions in lifting latent fingerprints and transferring those fingerprints to a fingerprint card. Rather, it was Wang that rendered the opinion that connected appellant to the latent prints. When Wang gave her opinion, there was no objection from appellant.

To the extent that there was an objection to the Rule 702 qualification of the detective to lift the latent fingerprints in question, the trial court did not commit error in allowing the detective's testimony. Rule 702 provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise.

Appellant never identifies what issue Parker testified to that would require proof that Parker possessed scientific, technical, or specialized knowledge qualifying him as an expert. The detective did not give an expert opinion about the latent prints he lifted.

5

Neither did he testify about the science of fingerprint analysis. The only matter he testified about was his actions in investigating the reported burglary; specifically, his effort to dust and lift fingerprints. Simply put, the detective only related what actions he took. The detective's testimony about lifting fingerprints was not subject to a Rule 702 objection.

Appellant further objects to the admission of the fingerprints pursuant to the guidelines set forth in *Kelly v. State* regarding the reliability of expert opinion. *See* 824 S.W.2d 568, 573 (Tex. Crim. App. 1992) (en banc). As noted previously, Parker did not render an expert opinion. He did not testify about the comparison of the latent prints to the known prints of appellant. Rather, Wang provided that testimony. Had Parker's lifting of the latent prints not been done properly, the proof of that would have been in Wang's inability to render an opinion matching the fingerprints from the laptop to appellant.

The trial court did not abuse its discretion when it admitted the testimony of Parker about lifting the latent prints off of the laptop computer. *See Shuffield*, 189 S.W.3d at 793. Accordingly, appellant's issues are overruled.

Conclusion

Having overruled appellant's issues, we affirm the trial court's judgment.

Mackey K. Hancock
Justice

Do not publish.

6