6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00055-CV
______________________________



IN RE:
LARRY DALE SMITH





                                                                                                                                            
                 
Original Mandamus Proceeding





                                                                                                                                            
                                           


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

          Larry Dale Smith, relator, has filed a petition for writ of mandamus asking us to
overturn a default judgment entered by the 307th Judicial District Court that determined
paternity and assessed child support against him. Smith is presently incarcerated and
complains he had no opportunity to defend himself in this proceeding. He has enclosed
a copy of a judgment signed November 5, 2003, and a copy of a notice of appeal dated
December 4, 2003. 
          Mandamus issues only when the mandamus record establishes (1) a clear abuse
of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and
adequate remedy at law. Cantu v. Longoria, 878 S.W.2d 131, 132 (Tex. 1994); Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).
          Under the facts presented by this case as set out by the relator, there is an
adequate remedy by appeal. See Tex. R. App. P. 26.1. Accordingly, mandamus cannot
lie.
          We deny the petition. 
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      May 4, 2004
Date Decided:         May 5, 2004



is a detailed description of the wrongdoing along with a statement that the event
was witnessed firsthand, when a citizen puts herself in a position to be held accountable for her
intervention, or when the citizen is not connected with the police or a paid informant." Turley, 242
S.W.3d at 181. "When police receive information from a private citizen whose only contact with
the police is a result of having witnessed a criminal act committed by another, the credibility and
reliability of the information is inherent." Cornejo v. State, 917 S.W.2d 480, 483 (Tex.
App.--Houston [14th Dist.] 1996, pet. ref'd).

 Based on the totality of circumstances, we conclude that Officer Turentine had reasonable
suspicion to stop Appellant. To begin with, Holt's citizen-informant tip was sufficiently reliable. 
He was not anonymous; he had identified himself by name and occupation to the dispatcher, who
then relayed at least the occupational information to Turentine. Holt was thus in a position to be held
accountable for his intervention, one factor indicating the tip was reliable. Further, Holt relayed
events he had witnessed firsthand, another indication of reliability. There is no indication in the
record Holt was a police employee or paid informant, or otherwise had any motivation to lie such
that would give the officer pause to doubt Holt's reliability. Holt was also a professional firefighter,
making him one of the types of people (along with teachers and police officers) that we teach our
children are generally trustworthy and reliable. Officer Turentine also responded to the dispatch in
a short amount of time and had an opportunity to corroborate Holt's description of the vehicle with
the officer's own observations. Under the totality of these circumstances, we agree with the trial
court's conclusion that Officer Turentine had sufficient, reasonable, articulable facts to justify the
temporary detention of Appellant's vehicle.

 Since Appellant does not challenge the propriety of any of the events following the initial
detention, we overrule Appellant's sole point of error and affirm the trial court's judgment.




 Bailey C. Moseley

 Justice


Date Submitted: October 2, 2008

Date Decided: October 3, 2008


Do Not Publish
1. After the trial court denied his motion to suppress, Pospisil pled guilty and submitted the
issue of punishment to the trial court's discretion. The trial court assessed Pospisil's punishment at
imprisonment for thirty months, with credit for 324 days already served.