# CONCURRING OPINION

No. 04-11-00281-CR

Susan Marie **NACU**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2007CR3364
Honorable Melisa Skinner, Judge Presiding

Opinion by:    Rebecca Simmons, Justice
Concurring Opinion by:  Steven C. Hilbig, Justice

Sitting:       Rebecca Simmons, Justice
               Steven C. Hilbig, Justice
               Marialyn Barnard, Justice

Delivered and Filed:  May 16, 2012

Although I agree with the result reached by the majority, I disagree with its analysis of Nacu's complaint about the informant's use of conclusory language. Accordingly, I concur only in the judgment.

Relying largely on *Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005), Nacu argues the trial court erred in denying her motion to suppress. Nacu asserts that *Ford* stands for the proposition that an arresting officer who merely testifies about his conclusions regarding a defendant's conduct fails to provide articulable facts to support an investigative detention. Nacu reasons that if an officer's conclusory testimony is insufficient, then a citizen's conclusory report of a crime to a police officer does not supply the officer with articulable facts to support a detention. The majority appears to accept this construct and attempts to point out why the witness Williams's admittedly conclusory statements to Officer Hoffman are sufficient to

support the detention.  I believe both the majority and Nacu misapply *Ford* and the Court of Criminal Appeals's reasoning in that case.

I read the thrust of the court's opinion in *Ford* to be whether the trial court fulfilled its obligation to make an independent determination as to reasonable suspicion based on the quality of the evidence provided to the trial court.  That is, *Ford* discusses whether the trial court heard sufficient testimony to make an *independent* determination that the investigating officer had specific and articulable facts to support a detention rather than relying solely upon an officer's conclusions.  *Ford* does not address the "quality" of information an informant gives to an officer when reporting a possible crime.

Ford challenged the investigative detention that led to his arrest for possession of marijuana.  *Id.* at 490-491.  During the hearing on the motion to suppress, the arresting officer testified he stopped Ford's car for "following too close" to another vehicle, allegedly in violation of section 545.062(a) of the Texas Transportation Code.  *Id.*  The arresting officer provided no details as to why he concluded Ford was violating the statute.  The trial court denied the motion to suppress, and the court of appeals affirmed.  *Ford v. State*, No. 01-02-00643-CR, 2003 WL 22310499 (Tex. App.—Houston [1st Dist.] Oct. 9, 2003), *reversed*, 158 S.W.3d 488 (Tex. Crim. App. 2005).  The Court of Criminal Appeals reversed, holding the trial court erred in denying the motion.  *Ford*, 158 S.W.3d at 494.  The court noted that:

> The record reveals an absence of any facts allowing an appellate court to determine the circumstances upon which Peavy could reasonably conclude that Ford actually was, had been, or soon would have been engaged in criminal activity.  Instead, the trial court was presented only with a conclusory statement that Ford was violating a traffic law.  We do not quarrel with the notion that Peavy may have in fact believed that Ford was following another car too closely.  Nor do we dispute that the trial judge is free to believe or disbelieve Peavy's testimony.  But without specific, articulable facts, a court has no means in assessing whether this opinion was objectively reasonable.

*Id.* at 493 (footnotes omitted).  The court went on to state:

> When a trial court is not presented with such facts, the detention cannot be "subjected to the more detached, neutral scrutiny of a judge who must evaluate the reasonableness of a particular search or seizure in light of the particular circumstances."  And "[w]hen such a stop is not based on objective criteria, the risk of arbitrary and abusive police practices exceeds tolerable limits."  Allowing a police officer's opinion to suffice in specific facts' stead eviscerates *Terry*'s reasonable suspicion protection.  If this Court were to hold as the dissent suggests, we would be removing the "reasonable" from reasonable suspicion.  Therefore, we adhere to the principle that specific, articulable facts are required to provide a basis for finding reasonable suspicion.  Mere opinions are ineffective substitutes for specific, articulable facts in a reasonable-suspicion analysis.

*Id.* (footnotes omitted).  By this passage, I understand the court to focus on the requirement that the trial court must make an independent determination, based on the evidence, of the existence of reasonable suspicion.  The court cannot rely solely on an officer's conclusory statement that a person violated a statute.  So Nacu is correct to a point.  A police officer's testimony that a person was "intoxicated," without explaining the basis for his conclusion, e.g. the presence of bloodshot eyes, slurred speech, unsteadiness, smell of alcohol, etc., would not be sufficient to pass constitutional muster — not because intoxication would be insufficient to support a finding of reasonable suspicion, but because the trial court could not exercise its duty to make an independent determination based solely on the conclusory testimony.  However, whether a police officer acts upon specific, articulable facts when performing an investigative detention is a different question.

The majority concludes, and I agree, the information provided by the manager was reliable.  *See, e.g. U.S. v. Burbridge*, 252 F. 3d 775, 778 (5th Cir. 2001) ("An ordinary citizen's eyewitness account of criminal activity and identification of a perpetrator is normally sufficient to supply probable cause to stop the suspect.");  *Cornejo v. State*, 917 S.W.2d 480, 483 (Tex. App.—Houston [14th Dist.] 1996, pet. ref'd) ("When police receive information from a private

citizen whose only contact with police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent.")  Therefore, the inquiry becomes whether it was reasonable for the officer to act upon reliable information that a particular person was about to or was committing a crime.  When the witness reported to Officer Hoffman that Nacu was intoxicated, the witness pointed to Nacu and the car she was driving, and the officer observed Nacu driving in a public place, it was reasonable for the officer to conclude under the totality of the circumstances that Nacu was committing the crime of driving while intoxicated.  However, Nacu argues the investigative detention was not reasonable because the reliable citizen informant failed to provide sufficient details to the officer as to how the citizen informant came to the conclusion that Nacu was intoxicated.  This is simply a "back-door" attempt to attack the reliability of the information provided by the citizen informant and has nothing to do with the concern expressed by the Court of Criminal Appeals in *Ford* that the trial court make an independent determination of reasonable suspicion.  Simply put, is it reasonable under our state and federal constitutions to predicate an investigative detention upon a conclusory report by an otherwise reliable citizen informant that a crime is being committed or is about to be committed?  The answer is clearly "yes."

The officer's testimony about the information he received from the informant contained specific, articulable facts upon which the officer based the detention.  The officer's testimony provided the trial court a sufficient basis to independently evaluate the reasonableness of the officer's conduct in detaining Nacu.  The trial court did not err in finding it was reasonable for Officer Hoffman to act on information regarding a crime provided him by the citizen-informant.  The fact that Williams told the officer that Nacu was intoxicated, without providing details as to why she concluded Nacu was intoxicated, does not lessen the reasonableness of Officer's

Hoffman's actions. *Ford* is inapplicable to these facts, and I therefore concur in the majority's judgment.

Steven C. Hilbig, Justice

PUBLISH